UNITED STATES DISTRICT OF COLUMBIA
FOR THE DISTRICT OF COLUMBIA

Civil Division

_____
                                                  )
DAVID ARRINGTON                                   )
1957 19th Place #305                              )
Washington, DC 20002                              )
                                                  )
        Plaintiff,                                )
                                                  )  No. _____
            v.                                    )
                                                  )
CHARLES RAMSEY, Chief of Police,                  )
                                                  )
POLICE OFFICERS OF THE DISTRICT OF                )
COLUMBIA METROPOLITAN                             )
POLICE DEPARTMENT, IDENTITY AND                   )
NUMBER OF WHOM ARE PRESENTLY                      )
UNKNOWN TO Plaintiff,                             )
                                                  )
DETECTIVE LEWIS                                   )
(First Name Presently Unknown)                    )
3244 Penn Avenue, S.E.                            )
Washington, DC 20001,                             )
                                                  )
            and                                   )
                                                  )
DISTRICT OF COLUMBIA,                             )
A Municipal Corporation,                          )
                                                  )
        Defendant.                                )
                                                  )
        Served on:                                )
                                                  )
Adrian Fenty, Mayor District                      )
of Columbia,                                      )
            and                                   )
Robert Spagnioletti, Attorney General,            )
District of Columbia.                             )
                                                  )
_____         )

<u>COMPLAINT</u>

(42 USC 1983-Civil Rights Violations)
(Negligence)
(Assault and Battery)
(Intentional Infliction of Emotion Distress)
(Negligent Infliction of Emotional Distress)
(False Imprisonment)
(Refusing and Neglecting to Prevent Malicious Harassment)
(Refusing and Neglecting to Prevent Violations of Constitutional
and Statutory Rights)


<u>INTRODUCTION</u>

1. Plaintiff David Arrington brings this action for damages against police officers of the Metropolitan Police Department, District of Columbia, and the District of Columbia as their employer.  Plaintiff brings this action against police officers of the Metropolitan Police Department pursuant to 42 U.S.C. § 1983 for their deprivation, under color of law, of rights secured to Plaintiff under the Constitution of the United States. Plaintiff also brings this action against these police officers under District of Columbia law for assault and battery, false arrest and imprisonment, malicious prosecution, trespass to chattel, conversion, interference with prospective advantage, outrageous conduct, and gross negligence.  Finally, Plaintiff brings this action against the District of Columbia under 42 U.S.C. § 1983 as the employer of the police officers, for its failure to provide and assure proper training and supervision of its police officers, for its failure to introduce and implement meaningful procedures to prevent lawless official conduct, for its failure to establish and implement procedures to prevent its

police officers from subjecting citizens to unreasonable use of
deadly force, excessive use of force, assault, battery, and other
abusive conduct, and for its subsequent ratification of aforesaid
unlawful conduct.

JURISDICTION

2.    This action arises under the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution and 42
U.S.C. §§ 1981-1988.  This Court has jurisdiction pursuant to 28
U.S.C. §§ 1331, 1332, 1343, and the aforementioned Constitutional
and statutory provisions.  Plaintiff also invokes the pendent
jurisdiction of this Court to adjudicate claims under state law.
28 U.S.C. § 1367.

PARTIES

3.    Plaintiff David Arrington is an adult citizen of the
United States and a resident of the District of Columbia.

4.    At all times relevant hereto, individual Defendants,
Officers Jane Doe, John Doe, and Richard Roe, are unknown police
officers of the District of Columbia Metropolitan Police
Department whose identity and number are presently unknown to
Plaintiff.  Upon information and belief, these police officers
are also assigned to the District of Columbia Metropolitan Police
Department.  Plaintiff brings this action against these officers
in both their individual and official capacities.

5.    The Metropolitan Police Department (hereinafter,
"Department" or "MPD"), is an agent of Defendant District of

Columbia, and the Chief of Police, Charles Ramsey was charged with the operation of the Department and supervision of Defendant police officers.

6.    At all times relevant, the Department was responsible for establishing its policies and for promulgating and enforcing its regulations.  The Department was also responsible for training and supervising police officers and for ensuring that its personnel obey the laws of the District of Columbia and the United States.

7.    Defendant District of Columbia is a municipal corporation and was, at all times relevant to this cause of action, responsible for the operation of the Department.

8.    At all times relevant to this cause of action, Defendant District of Columbia employed Defendant police officers, and Defendant police officers acted as its agents, servants, and employees.

9.    At all times relevant hereto and in all their actions herein described, Defendant police officers, as agents of Defendant District of Columbia, acted under color of law and pursuant to their authority as police officers of the District of Columbia Metropolitan Police Department.

<u>FEDERAL CAUSES OF ACTION</u>

<u>COUNT I</u>

(Civil Rights Violation)

10.    On or about August 25, 2006, Plaintiff, David

Arrington, at or around 9:00 p.m., Mr. Arrington was leaving his girlfriend's house and was shot by an unidentified District of Columbia police officer in the alley around 2300 Prout Street, S.E. and Nicholson Street, S.E.

11.  Upon information and belief, the officer was chasing a male suspect pursuant to an incident, to which Mr. Arrington was not involved.

12.  Upon information and belief, the officer, in plain clothing, ran into the alley and observed the suspect that he was chasing run in the opposite direction of where Mr. Arrington was standing.

13.  The officer then commanded Mr. Arrington to hold his hands up.  Approximately two seconds after the officer commanded Mr. Arrington to hold his hands in the air, the officer shot Mr. Arrington.

14.  When Mr. Arrington asked the officer, "Why did you shoot me, you were chasing him?" the officer proceeded to handcuff Mr. Arrington.

15.  Mr. Arrington remained handcuffed as he was transported to the hospital.

16.  Upon reaching the hospital, the treating physician requested that the handcuffs be removed as Mr. Arrington was not a suspect.  The officer refused to immediately remove the handcuffs.

17.  Upon information and belief, another officer entered

Mr. Arrington's room and stated, "Get those handcuffs of him; he is no suspect." Subsequently, the handcuffs were removed with a box cutter.

18. On August 25, 2006, Mr. Arrington's property was "seized for evidence" by the Metropolitan Police Department and has not been released.

19. Numerous phone calls were made to the Metropolitan Police Department concerning Mr. Arrington's property, however all telephone calls were ignored, and Mr. Arrington's property has not been returned.

20. On or about September 1, 2006, Detective Lewis contacted undersigned counsel and stated that Mr. Arrington's belongings would be received if and only if he provided a recorded statement.

21. Mr. Lewis was informed that Mr. Arrington had previously given a recorded statement while being hospitalized and would not give another recorded statement. Because Mr. Arrington refused to give a second recorded statement, Detective Lewis has refused to return Mr. Arrington's property.

22. At no time was Plaintiff a suspect in or accomplice to any crime.

23. At no time did Plaintiff assault a Police Officer.

24. As a direct and proximate cause of the actions of these Defendant police officers, Plaintiff continues to suffer injury.

25. As a direct and proximate cause of Defendant's actions,

a bullet is still lodged in Plaintiff's body, and surgeons cannot remove it.

26.  The shooting of Plaintiff and Plaintiff's wrongful arrest, because of Defendants' knowledge of a lack of a legitimate cause or justification, were intentional, malicious, reckless, and in bad faith.

27.  As a direct and proximate cause of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the District of Columbia.

28.  As a direct and proximate cause of Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all which may be permanent.

29.  Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to adequately train or otherwise direct police officers concerning the rights of citizens.  Defendant District of Columbia's policy, practice, or custom of deliberate indifference to discipline and training caused Defendant police officers in this case to engage in the unlawful conduct described above.

30.  Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to properly supervise, sanction, or discipline police officers, including Defendant police officers in this case, for violations

of the constitutional rights of its citizens.  Defendant District
of Columbia's policy, practice, or custom  of deliberate
indifference to properly supervise, sanction, or discipline of
police officers caused Defendant police officers to engage in the
actions described above.

31.  Defendant District of Columbia, as a matter of policy,
practice, and custom, with deliberate indifference failed to
supervise, sanction, or discipline police officers.  Defendant
District of Columbia's policy, practice, or custom of deliberate
indifference to supervise, sanction, or discipline police
officers who are aware of and subsequently conceal violations of
the constitutional rights of citizens by other police officers
caused and encouraged Defendant police officers in this case, to
engage in the unlawful actions described.

32.  Defendant District of Columbia acquiesced to the
unconstitutional conduct of its police officers by its deliberate
indifference to inadequate procedures for handling complaints
against police officers, including inadequate internal affairs
and citizen complaint procedures.  Defendant District of
Columbia's acquiescence, by deliberate indifference to inadequate
complaint procedures, caused and encouraged police officers,
including Defendant police officers in this case, to engage in
the unlawful actions described.

33.  The actions and omissions of Defendant police officers,
acting under color of state law, deprived Plaintiff of rights,

privileges, and immunities secured to him under the Constitution and laws of the United States, including but not limited to the right to be secure in his person and property (be free from excessive use force or unreasonable use of deadly force), right to be free from assault and battery, malicious prosecution, abuse of process, trespass, conversion, and gross negligence, and the right to due process of law.

34.    Defendant police officers by their actions deprived Plaintiff of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Attorneys fees and costs; and

c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Punitive Damages in the amount of $10,000,000.00;

c.    Attorney's fees and costs; and

d.   Such other and further relief as this Court may deem appropriate.

## COUNT II

### (Denial of Due Process)

35.   Plaintiff hereby re-alleges paragraphs 1 through 34 of this complaint, as though fully set forth here.

36.   The acts and conduct hereinbefore and after described constitute a denial of due process right of access to the courts protected under the Fifth and Fourteenth Amendments to the United States Constitution.

37.   Defendant Detective Lewis withheld Mr. Arrington's belongings in exchange for a recorded testimony for the specific and sole purpose of denying Plaintiff the right to his property and his Constitutional rights under the Fifth Amendment.

38.   Defendant police officers' denial to Plaintiff of the right to his personal belongings is a denial of Plaintiff's due process right of access to his property.

39.   These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from

unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

40. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a. Compensatory damages in the amount of $20,000,000.00;

b. Attorneys fees and costs; and

c. Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a. Compensatory damages in the amount of $20,000,000.00;

b. Punitive Damages in the amount of $10,000,000.00;

c. Attorney's fees and costs; and

d. Such other and further relief as this Court may deem appropriate.

### STATE CAUSES OF ACTION

### COUNT III

(Assault and Battery)

41.  Plaintiff hereby re-alleges paragraphs 1 through 40 of this complaint, as though fully set forth here.

42.  The acts and conduct, hereinbefore described constitute assault and battery, under the laws of the District of Columbia.

43.  These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

44.  Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Attorneys fees and costs; and

c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police

Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Punitive Damages in the amount of $10,000,000.00;

c.    Attorney's fees and costs; and

d.    Such other and further relief as this Court may deem appropriate.

COUNT IV

(Intentional Infliction of Emotional Distress)

45.    Plaintiff hereby re-alleges paragraphs 1 through 44 of this complaint, as though fully set forth herein.

46.    The acts and conduct hereinbefore described constitute intentional infliction of emotional distress under the laws of the District of Columbia.

47.    These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

48.    Defendant District of Columbia is sued as a person

responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Attorneys fees and costs; and

c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendant police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Punitive Damages in the amount of $10,000,000.00;

c.    Attorney's fees and costs; and

d.    Such other and further relief as this Court deems appropriate.


COUNT V

(Abuse of Process)

49.    Plaintiff hereby re-alleges paragraphs 1 through 48 of this complaint, as though fully set forth here.

50.    The acts and conduct hereinafter described constitute abuse of process under the laws of the District of Columbia, in that Defendant police officers employed the criminal legal

process for the purpose of covering-up their unreasonable use of deadly force and their use of excessive force against Plaintiff in violation of Plaintiff's rights under the Constitution of the United States.

51.  These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

52.  Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Attorneys fees and costs; and

c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendant Police Officers John Doe and Richard Roe, police officers of the Metropolitan Police

Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

    a.    Compensatory damages in the amount of $20,000,000.00;

    b.    Punitive Damages in the amount of $10,000,000.00;

    c.    Attorney's fees and costs; and

    d.    Such other and further relief as this Court may deem appropriate.

<u>COUNT VI</u>

(Trespass to Chattel)

53.    The above paragraphs 1 through 52 are adopted and incorporated by reference, as if fully set forth herein.

54.    The acts and conduct hereinbefore described constitute trepass to chattel under the laws of the District of Columbia.

55.    These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

56.    Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Attorneys fees and costs; and

c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Punitive Damages in the amount of $10,000,000.00;

c.    Attorney's fees and costs; and

d.    Such other and further relief as this Court may deem appropriate.


COUNT VII

(CONVERSION)

57.    The above paragraphs 1 through 56 are adopted and incorporated by reference, as if fully set forth herein.

58.    The acts and conduct hereinbefore described constituted conversion under the laws of the District of Columbia.

59.    These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were

agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

60.  Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.  Compensatory damages in the amount of $20,000,000.00;

b.  Attorneys fees and costs; and

c.  Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.  Compensatory damages in the amount of $20,000,000.00;

b.  Punitive Damages in the amount of $10,000,000.00;

c.  Attorney's fees and costs; and

d.  Such other and further relief as this Court may deem

appropriate.

<u>COUNT VIII</u>

(INTERFERENCE WITH PROSPECTIVE ADVANTAGE)

61.  The above paragraphs 1 through 60 are adopted and incorporated by reference, as if fully set forth herein.

62.  The acts and conduct, hereinafter described constituted interference with prospective advantage, under the laws of the District of Columbia.

63.  These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

64.  Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Attorneys fees and costs; and

c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.    Compensatory damages in the amount of $20,000,000.00;

b.    Punitive Damages in the amount of $10,000,000.00;

c.    Attorney's fees and costs; and

d.    Such other and further relief as this Court may deem appropriate.

## COUNT IX

### (OUTRAGEOUS CONDUCT)

65.    Plaintiff hereby re-alleges paragraphs 1 through 64 of this complaint, as though fully set forth herein.

66.    The acts and conduct hereinafter described constitute outrageous conduct under the laws of the District of Columbia.

67.    These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due

process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

68. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a.   Compensatory damages in the amount of $20,000,000.00;

b.   Attorneys fees and costs; and

c.   Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is presently unknown to Plaintiff:

a.   Compensatory damages in the amount of $20,000,000.00;

b.   Punitive Damages in the amount of $10,000,000.00;

c.   Attorney's fees and costs; and

d.   Such other and further relief as this Court may deem appropriate.


COUNT X (GROSS NEGLIGENCE)

69. Plaintiff re-alleges paragraphs 1 through 68 of this

complaint, as if fully set forth herein.

70. The acts and conduct, hereinafter described constituted gross negligence, under the laws of the District of Columbia.

71. These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

72. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a. Compensatory damages in the amount of $20,000,000.00;

b. Attorneys fees and costs; and

c. Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment, jointly and severally, against Defendants Jane Doe, John Doe, Richard Roe, police officers of the Metropolitan Police Department, District of Columbia, whose identity and number is

presently unknown to Plaintiff:

    a.   Compensatory damages in the amount of $20,000,000.00;

    b.   Punitive Damages in the amount of $10,000,000.00;

    c.   Attorney's fees and costs; and

    d.   Such other and further relief as this Court may deem appropriate.


Respectfully Submitted,

ODELUGO & JOHNSON, LLC

_____
Anitha Johnson, #495672
6475 New Hampshire Avenue
Suite 300
Hyattsville, Maryland 20783
301-891-1100


JURY DEMAND

Plaintiff hereby requests a trial by a jury on all issues of fact presented herein.


_____
Anitha Johnson

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government
Plaintiff

2 U.S. Government
Defendant

3 Federal Question
(U.S. Government Not a Party)

4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| A. *Antitrust* | B. *Personal Injury/ Malpractice* | C. *Administrative Agency Review* | D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | **151 Medicare Act**<br><br>Social Security:<br>**861 HIA ((1395ff)**<br>**862 Black Lung (923)**<br>**863 DIWC/DIWW (405(g)**<br>**864 SSID Title XVI**<br>**865 RSI (405(g)**<br>Other Statutes<br>**891 Agricultural Acts**<br>**892 Economic Stabilization Act**<br>**893 Environmental Matters**<br>**894 Energy Allocation Act**<br>**890 Other Statutory Actions (If Administrative Agency is Involved)** | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| E. *General Civil (Other)* | OR | F. *Pro Se General Civil* | |
|---|---|---|---|
| Real Property<br>  210 Land Condemnation<br>  220 Foreclosure<br>  230 Rent, Lease & Ejectment<br>  240 Torts to Land<br>  245 Tort Product Liability<br>  290 All Other Real Property<br><br>Personal Property<br>  370 Other Fraud<br>  371 Truth in Lending<br>  380 Other Personal Property Damage<br>  385 Property Damage Product Liability | Bankruptcy<br>  422 Appeal 28 USC 158<br>  423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>  535 Death Penalty<br>  540 Mandamus & Other<br>  550 Civil Rights<br>  555 Prison Condition<br><br>Property Rights<br>  820 Copyrights<br>  830 Patent<br>  840 Trademark<br><br>Federal Tax Suits<br>  870 Taxes (US plaintiff or defendant<br>  871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>  610 Agriculture<br>  620 Other Food &Drug<br>  625 Drug Related Seizure of Property 21 USC 881<br>  630 Liquor Laws<br>  640 RR & Truck<br>  650 Airline Regs<br>  660 Occupational Safety/Health<br>  690 Other<br><br>Other Statutes<br>  400 State Reapportionment<br>  430 Banks & Banking<br>  450 Commerce/ICC Rates/etc.<br>  460 Deportation | 470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Securities/Commodities/ Exchange<br>875 Customer Challenge 12 USC 3410<br>900 Appeal of fee determination under equal access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| **530 Habeas Corpus-General**<br>**510 Motion/Vacate Sentence** | **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)**<br><br>**\*(If pro se, select this deck)\*** | **895 Freedom of Information Act**<br>**890 Other Statutory Actions (if Privacy Act)**<br><br>**\*(If pro se, select this deck)\*** | **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| **710 Fair Labor Standards Act**<br>**720 Labor/Mgmt. Relations**<br>**730 Labor/Mgmt. Reporting & Disclosure Act**<br>**740 Labor Railway Act**<br>**790 Other Labor Litigation**<br>**791 Empl. Ret. Inc. Security Act** | **441 Voting (if not Voting Rights Act)**<br>**443 Housing/Accommodations**<br>**444 Welfare**<br>**440 Other Civil Rights**<br>**445 American w/Disabilities-Employment**<br>**446 Americans w/Disabilities-Other** | **110 Insurance**<br>**120 Marine**<br>**130 Miller Act**<br>**140 Negotiable Instrument**<br>**150 Recovery of Overpayment & Enforcement of Judgment**<br>**153 Recovery of Overpayment of Veteran's Benefits**<br>**160 Stockholder's Suits**<br>**190 Other Contracts**<br>**195 Contract Product Liability**<br>**196 Franchise** | **441 Civil Rights-Voting (if Voting Rights Act)** |

## V. ORIGIN

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

## VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>**YES          NO** |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | **YES          NO** | If yes, please complete related case form. |
|---|---|---|---|

**DATE**                    **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.        COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

III.       CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.       CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.       CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.