## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **DAVID ARRINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 07-0170 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Defendants District of Columbia, Metropolitan Police Department ("MPD") Chief Charles Ramsey, and Detective Dan Lewis, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, hereby move to dismiss the following claims for the following reasons:

1) All claims against Chief Charles Ramsey must be dismissed as a matter of law as Plaintiff has failed to state a claim against Chief Ramsey;

2) All claims against Detective Dan Lewis must be dismissed as a matter of law as Plaintiff has failed to state a claim against Detective Lewis upon which relief can be granted;

3) Detective Lewis is entitled to qualified immunity for any constitutional claim Plaintiff seeks to assert;

4) Plaintiff's claim of "outrageous conduct" must be dismissed as Plaintiff has failed to state a claim upon which relief can be granted;

5) Plaintiff's claim of "gross negligence" must be dismissed as Plaintiff has failed to state a claim upon which relief can be granted;

6)    Plaintiff's claim of "interference with prospective advantage" must be

dismissed as Plaintiff has failed to state a claim upon which relief can be

granted; and

7)    Plaintiff's claim of "abuse of process" must be dismissed as Plaintiff has

failed to state a claim upon which relief can be granted.

As set forth more fully in the accompanying Memorandum of Points and

Authorities, when viewing the facts as set forth in Plaintiff's Complaint, Plaintiff has

failed to state any claim upon which relief can be granted against Chief Ramsey and

Detective Lewis for the above-listed claims in general, and specifically, as set forth infra,

the Defendants are entitled to judgment as a matter of law.[1]

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/ Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II

___/s/ Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

---

[1] Because Defendants seek outright dismissal on many of Plaintiff's claims, and dismissal as to individual Defendants on all claims against them, Defendants respectfully request that they be permitted to file an Answer as to any remaining claims (or all claims should the Court deny this Motion in its entirety) after the Court's resolution of this Motion.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID ARRINGTON, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-0170 (RBW) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.    On September 1, 2006, Detective Dan Lewis obtained a search warrant for Plaintiff's cell phone.  *See* Ex. 1 (Search Warrant).

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II

_____/s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID ARRINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | **C.A. No. 07-0170 (RBW)** |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Defendants District of Columbia, Chief Charles Ramsey, and Detective Dan Lewis, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, respectfully request judgment as a matter of law on Plaintiff's claims of "abuse of process," "interference with prospective advantage," "outrageous conduct," and "gross negligence." Defendants further request that Chief Ramsey and Detective Lewis be dismissed from this action as Plaintiff has failed to set forth any claims for which relief can be granted against either individual Defendant.

**I.      FACTUAL BACKGROUND**

Plaintiff contends that on August 25, 2006 he was shot by an unidentified Metropolitan Police Department ("MPD") officer in an alley in the vicinity of 2300 Prout Street, SE and Nicholson Street, SE. Compl. ¶ 10. Plaintiff states that the officer that shot him was actually chasing another individual, who the officer observed run into the alley in the opposite direction from where Plaintiff was standing. *Id.* ¶¶ 11-12. Plaintiff

alleges that the officer commanded Plaintiff to put his hands in the air, and then shot Plaintiff approximately two seconds after giving the command. *Id.* ¶ 13.

Plaintiff states that he was handcuffed and transported to the hospital. *Id.* ¶¶ 14-15. Plaintiff claims that initially he remained handcuffed despite a physician's request that the handcuffs be removed, and that the handcuffs were subsequently removed with a box cutter. *Id.* ¶¶ 16-17.

Plaintiff also contends that his personal property was "seized for evidence" by MPD and allegedly has not yet been released despite "numerous phone calls" to the MPD. Compl. ¶¶ 18-19. He further alleges that Defendant Detective Lewis has refused to release Plaintiff's property until Plaintiff provided a recorded statement. *Id.* ¶ 20. Plaintiff asserts that Detective Lewis was informed that Plaintiff previously gave a recorded statement at the hospital, but "[b]ecause [Plaintiff] refused to give a second recorded statement, Detective Lewis has refused to return [Plaintiff's] property." *Id.* ¶ 21.

On information and belief, the only personal property that Plaintiff claims was seized was Plaintiff's cell phone.[2] *See* Ex. 1. On September 1, 2006, Detective Lewis obtained a search warrant for Plaintiff's cell phone. *Id.* A return of the warrant was issued on September 13, 2006. *Id.* Plaintiff's phone continues to be held by MPD as criminal evidence.

Plaintiff has brought suit against the District, Chief Ramsey, Detective Lewis and unknown members of the MPD, alleging (1) civil rights violation; (2) denial of due process; (3) assault and battery; (4) intentional infliction of emotional distress; (5) abuse

---

[2] Detective Lewis believes that he may have a set of keys that belong to Plaintiff. Detective Lewis is happy to return these keys to Plaintiff.

of process; (6) trespass to chattel; (7) conversion; (8) interference with prospective

advantage; (9) outrageous conduct; and (10) gross negligence.  *See generally* Compl.  As

explained below, Plaintiff has failed to state a cognizable claim against Chief Ramsey

and Detective Lewis; thus, these Defendants must be dismissed.  Moreover, the majority

of Plaintiff's Complaint fails to state a claim upon which relief can be granted and must

be dismissed.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when

it appears that, under any reasonable reading of the complaint, the plaintiff will be unable

to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45

(1957).  The movant therefore is entitled to judgment if there are no allegations in the

complaint that, even if proven, would provide a basis for recovery.  *Haynesworth v.*

*Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly

can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or

sweeping and unwarranted averments of fact, will not be deemed admitted for purposes

of a motion under Rule 12(b)(6).  *Id.*   The court need not accept inferences drawn by the

plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or

must the court accept legal conclusions cast in the form of factual allegations."  *Kowal v.*

*MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary

judgment:

> [S]hall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any,

> show that there is no genuine issue as to any material fact and that the
> movant is entitled to a judgment as a matter of law.

The moving party in a motion for summary judgment bears the initial burden of

identifying evidence that demonstrates that there is no genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once a movant has made the required showing under the rule, the burden shifts

to the opposing party to "come forward with specific facts showing that there is a

genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587,

(1986). In other words, "once the movant has supported a summary judgment motion by

evidence of particular events, the court may properly look to the nonmovant for rebuttal

evidence either from persons familiar with the events, or expect the nonmovant to

otherwise cast more than metaphysical doubt on the credibility of the testimony." *Doe v.

Gates*, 981 F.2d 1316, 1323 (D.C. Cir. 1993). A trial court should enter summary

judgment against a nonmoving party who fails to make a showing sufficient to establish

the existence of an element essential to his case, and on which the party will bear the

burden of proof at trial. *Celotex*, *supra*, 477 U.S. at 322.

**III.    ARGUMENT**

### A.  As a Matter of Law, All Claims Against Chief Ramsey Must Be Dismissed

Plaintiff has named Chief Ramsey as a defendant to this lawsuit, but does not

indicate whether Chief Ramsey is sued in his official or individual capacity. As

Plaintiff's Complaint does not allege any acts against Chief Ramsey in his individual

capacity, Plaintiff is suing Chief Ramsey in his official capacity. *See* Compl. *generally.*

Plaintiff's claims against Chief Ramsey in his official capacity as the former Chief of the

Metropolitan Police Department, lie against the District and not Chief Ramsey.  It is well-settled that "[a] suit against a municipal official in his official capacity is treated as a suit against the municipality itself." *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 at *10 (Mar. 2, 2005 D.D.C.) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985); *Atchison v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (1996)).  Accordingly, "[a]ny claims against defendant [Ramsey] in his official capacity proceed against the District of Columbia." *Id.*, citing *Arnold v. Moore*, 980 F. Supp. 28, 36 (D.D.C. 1997).

To the extent that Plaintiff's Complaint can be construed to sue Chief Ramsey in his individual capacity, the claim must also be dismissed.  "[I]n order to find a supervisory official personally liable in damages for the unconstitutional acts of his subordinate it must be shown that he was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional harm arose from the surrounding circumstances; and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened." *Fleming v. District of Columbia*, 1989 U.S. Dist. LEXIS 11796, *8 (Oct. 5, 1989 D.D.C.), citing *Haynesworth v. Miller,* 820 F.2d 1245, 1271 (D.C. Cir. 1987).  The Complaint is devoid of any allegation that Chief Ramsey directly supervised any officer involved, or had knowledge or involvement with the allegations in the Complaint.  Thus, Chief Ramsey must be dismissed from this lawsuit.

### B.  As a Matter of Law, Plaintiff's Claims Against Detective Lewis Must Be Dismissed

The only factual allegations that Plaintiff makes pertaining to Detective Lewis are that Detective Lewis refused to return Plaintiff's seized property to him until after

Plaintiff gave a second recorded statement.  *See* Compl. ¶¶ 20-21.  Plaintiff makes no allegation that Detective Lewis was in any way involved in the shooting, that Detective Lewis instituted the criminal proceedings against Plaintiff, or that Detective Lewis actually took Plaintiff's property from him.  As explained below, all of Plaintiff's claims against Detective Lewis fail as a matter of law.

1.    **Plaintiff Has Failed to State a Claim Against Detective Lewis for Constitutional Torts**

Plaintiff claims that Detective Lewis violated Plaintiff's rights under the Fourth and Fifth Amendments by depriving Plaintiff of his personal property.  Upon information and belief, although not specified in Plaintiff's Complaint, the only property Plaintiff claims that Detective Lewis seized is a cell phone.  *See* Ex. 1.

To the extent that Plaintiff seeks to assert a Fifth Amendment substantive due process claim for the seizure of his cell phone, that claim is more properly analyzed as a claim under the Fourth Amendment.  See *Albright v. Oliver*, 510 U.S. 266, 273 (1994), ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").  Thus, the Court should dismiss Plaintiff's Fifth Amendment claim.

With respect to Plaintiff's claim of violation of the Fourth Amendment, it is well-settled that the Fourth Amendment prohibits only unreasonable searches and seizures. *See, e.g., United States v. Knights*, 534 U.S. 112, 118-19 (2001).  Here, Detective Lewis possessed a valid warrant for the cell phone.  *See* Ex. 1.  Thus, the seizure is not unreasonable.  *See Gales v. District of Columbia*, 47 F. Supp. 2d 43, 47 (D.D.C. 1999) (executing a facially valid search warrant is objectively reasonable conduct), citing

*Salmon v. Schwarz,* 948 F.2d 1131, 1140-41 (10th Cir. 1991); 1B MARTIN SCHWARTZ &

JOHN KIRKLIN, SECTION 1983 LITIGATION: CLAIMS & DEFENSES, § 9.27 at 454-55 (1998).

Thus, Plaintiff cannot prove a constitutional violation as Detective Lewis had a search

warrant that permitted seizure of the cell phone. Thus, Plaintiff's Fourth Amendment

claim against Detective Lewis must be dismissed.

### a. Detective Lewis Is Entitled to Qualified Immunity

Even if Plaintiff could allege a constitutional violation for seizure of his property,

Detective Lewis is entitled to qualified immunity for his actions. It is well-settled that

government officials enjoy a qualified immunity from constitutional and statutory claims

against them. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Lederman v. United States*, 291

F.3d 36 (D.C. Cir. 2002). "The immunity is not simply from damages but from having to

participate in the proceedings." *Kalka v. Hawk,* 215 F.3d 90, 94 (D.C. Cir. 2000), citing

*Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Thus, qualified immunity arguments are

especially appropriate early in the proceedings of a case. As noted by the Supreme

Court:

> Where the defendant seeks qualified immunity, *a ruling on that issue should be made early in the proceedings* so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." …

*Saucier*, 533 U.S. at 200 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))

(emphasis added). "As a result," the Supreme Court wrote, "'we repeatedly have stressed

the importance of resolving immunity questions at the *earliest possible stage* in

litigation.'" *Saucier*, 533 U.S. at 201 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227

(1991) (*per curiam*) (emphasis added).

"A court evaluating a claim of qualified immunity 'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286 (1999)).

Even if the plaintiff could allege a constitutional violation, an official cannot be held personally liable for conduct he or she would not have reasonably known was unconstitutional. *Saucier,* 533 U.S. at 202. The Supreme Court explained that "'the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Additionally, the Supreme Court has stated that "[i]t is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004), quoting *Saucier*, 533 U.S. at 201.

Specifically, the Supreme Court emphasized that "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* As such, "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier*, 533 U.S. at 202 (quoting *Wilson*, 526 U.S. at 615). Hence, a police officer should prevail on a claim of qualified immunity if a reasonable

police officer possessing the same information could have believed that his conduct was lawful.

In this case, it was reasonable for Detective Lewis to rely on the warrant, which was issued by a neutral judicial officer based upon a presentation of probable cause for the seizure. *United States v. Pelham*, 749 F. Supp. 306, 310 (D.D.C. 1990), citing *Massachusetts v. Sheppard*, 468 U.S. 981, 990-91 (1984). Plaintiff cannot show any evidence that the warrant was not supported by probable cause. *See Gales,* 47 F. Supp. 2d at 47 ("The officers have qualified immunity for executing the search warrant because they reasonably believed it to be a facially valid warrant obtained by others.").

### 2.    Plaintiff Has Failed to State a Common Law Tort Claim Against Detective Lewis

As explained more fully *infra*, Plaintiff generally has failed to state a claim upon which relief can be granted for trespass to chattel, conversion, abuse of process, interference with prospective advantage, outrageous conduct and gross negligence, and these common law tort claims therefore must be dismissed in their entirety. The remaining common law tort claims are assault and battery and intentional infliction of emotional distress. None of these claims may lie against Detective Lewis as there was no evidence that he was involved in the shooting.

### a.    Plaintiff Has Failed to State a Claim Against Detective Lewis for Assault and Battery

It is undisputed that Detective Lewis was not the officer that shot Plaintiff. Plaintiff states in his Complaint that he was "shot by an unidentified District of Columbia police officer" on August 25, 2006. Compl. ¶10. According to the Complaint, Detective Lewis had no involvement in the shooting until September 1, 2006 when Detective Lewis

contacted Plaintiff's lawyer and informed her that Plaintiff's property would be returned after Plaintiff provided a recorded statement. *Id.* ¶ 20. There are no allegations in the Complaint that Detective Lewis committed either an assault, defined as "an intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff," or a battery, defined as "an intentional act that causes a harmful or offensive bodily contact." *Etheridge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993). Thus, Plaintiff has not stated an assault and battery claim against Detective Lewis, and any such claims against Detective Lewis must be dismissed.

### b. Plaintiff Has Failed to State a Claim Against Detective Lewis for Intentional Infliction of Emotional Distress

Plaintiff also cannot state a claim for intentional infliction of emotional distress against Detective Lewis. To state a prima facie claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme or outrageous conduct, which (2) intentionally or recklessly causes, (3) severe emotional distress to another. *Joyner v. Sibley Mem. Hosp.*, 826 A.2d 362, 373 (D.C. 2003). To satisfy the first element, the plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.*, quoting *Kerrigan v. Britches of Georgetowne*, 705 A.2d 624, 628 (D.C. 1997). The D.C. Court of Appeals has observed that "[i]f [this] standard means what it says, then the conduct alleged must truly be extraordinary to hold a defendant accountable for this tort." *Carey v. Edgewood Mgmt. Corp.*, 754 A.2d 951, 955-56 (D.C. 2000). Thus, "the requirement of outrageousness is not an easy one to meet." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (citations and quotations omitted).

10

"In determining whether the conduct in question is extreme and outrageous as a matter of law, [the] court considers applicable community standards, the nature of the activity at issue, the relationship between the parties and the particular environment in which the conduct took place." *Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 211 (D.C. 1997), citing *King v. Kidd*, 640 A.2d 656, 658 (D.C. 1993).

In this case, Plaintiff alleges that Detective Lewis refused to return Plaintiff's property, which had been seized as evidence pursuant to a search warrant, back to Plaintiff until Plaintiff gave a second recorded statement. Compl. ¶¶ 18, 20-21. This conduct hardly rises to the level of "truly extraordinary" or "beyond all bounds of decency."

Moreover, "[f]or a defendant to be liable for intentional infliction of emotional distress, . . . 'it has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that . . . his conduct has been characterized by "malice" . . .'" *Weaver v. Grafio*, 595 A.2d 983, 991 (D.C. 1991) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)) (finding that appellee's actions of writing letters to media and bar counsel accusing appellant of a felony for writing a bad check was not outrageous, even though appellee knew that the check had a stop payment placed on it due to a fee dispute between appellee and the appellant). Put simply, Plaintiff has not alleged any set of facts that could prove his claim of intentional infliction of emotional distress against Detective Lewis. Thus, Plaintiff's claim for intentional infliction of emotional distress against Detective Lewis must be dismissed.

## C. Plaintiff Has Failed to State a Claim for Trespass to Chattel and Conversion Against Any Defendant

With respect to Plaintiff's claims of trespass to chattel and conversion, Plaintiff's claims fail as a matter of law against any Defendant. A cause of action for the tort of conversion requires an unlawful exercise of ownership, dominion and control over the personalty of another in denial or repudiation of his right to such property. *Blanker v. Harris, Upham & Co.*, 359 A.2d 281, 283 (D.C. 1976); *see also Kaempe v. Myers*, 361 U.S. App. D.C. 335, 367 F.3d 958, 964 (D.C. Cir. 2004) (citing *Shea v. Fridley*, 123 A.2d 358, 361 (D.C. 1956)).

Here, Plaintiff's claim for conversion fails as the property at issue – a cell phone – was seized pursuant to a valid search warrant. *See* Ex. 1. The warrant expressly describes Plaintiff's cell phone by make, model number, serial number and phone number, and includes a return indicating the property taken pursuant to the warrant. Thus, Plaintiff cannot reasonably contend that the conversion of his property was unlawful. *Cf. Smith v. Whitehead*, 436 A.2d 339, 344 (1981) (officers could be liable for conversion when property seized expanded beyond the scope of the search warrant). Thus, Plaintiff's conversion claim must be dismissed.

Trespass to chattel is defined as "intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Pearson v. Dodd*, 410 F.2d 701, 707 n.30 (D.C. Cir. 1969), quoting Restatement (Second) of Torts § 217 (1965). "[L]iability for trespass to chattels exists only on a showing of actual damage to the property interfered with." *Pearson*, 410 F.2d at 707, citing 1 F. Harper & F. James, The Law of Torts § 2.3 (1956) ("To support an action of trespass to a chattel where the invasion of interests does not result in its destruction or in a

12

dispossession thereof, it was early held there must be some physical harm to the chattel or to its possessor.  Unlike the action of trespass quare clausum fregit in the case of land, no action could be maintained for a mere harmless intermeddling with goods.  The possessor's proprietary interest in the inviolability of his personal property did not receive that protection which the similar interest in the possession of land or the dignitary interest in the inviolability of the person receives.").

Here, as explained, the Metropolitan Police Department is in lawful possession of Plaintiff's cell phone as evidence of a crime.  Plaintiff has not alleged, nor could he allege, that there has been some type of damage to the property.  Moreover, release of the property presently is precluded by statute.  District of Columbia Code § 5-119.06 states that property in the possession of the MPD's Property Clerk alleged to have been feloniously obtained or to be the proceeds of a crime shall not be released within one year of the date of receipt unless the United States Attorney for the District of Columbia certifies that the property is not needed as evidence for prosecution of a crime. D.C. Code § 5-119.06(d).  Plaintiff does not allege that the United States Attorney has authorized the release of his property; thus, Plaintiff cannot maintain his claim for trespass to chattel.

### D.  Plaintiff's Fourteenth Amendment Claim Must Be Dismissed As the Fourteenth Amendment Does Not Apply to the District of Columbia

It is well-settled that the 14th Amendment does not apply to the District of Columbia.  *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).  Thus, to the extent that Plaintiff asserts a claim falling under the 14th Amendment, such claim fails as a matter of law and must be dismissed.

**E.  Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted for "Interference with Prospective Advantage"**

Plaintiff has asserted a cause of action for "interference with prospective advantage."  Compl. ¶¶ 61-64.  In support, Plaintiff states simply "[t]he acts and conduct, hereinafter described constituted interference with prospective advantage, under the laws of the District of Columbia."  Compl. ¶ 62.  In fact, Plaintiff's Complaint is devoid of any facts or allegations to state a claim for interference with prospective advantage.

The D.C. Court of Appeals "has described 'prospective advantage,' in defining the tort of interference with prospective advantage, as 'business expectancies, not grounded on present contractual relationships but which are commercially reasonable to anticipate, [and] are considered to be property.'"  *McManus v. MCI Communs. Corp.*, 748 A.2d 949, 957 (D.C. 2000), quoting *Carr v. Brown*, 395 A.2d 79 (D.C. 1978).  To establish a *prima facie* case of interference with prospective advantage, the Plaintiff must show "that the interference was intentional and that there was resulting damage."  *Paul v. Howard Univ.*, 754 A.2d 297, 309 (D.C. 2000), citing  *Alfred A. Altimont, Inc. v. Chatelain, Samperton & Nolan,* 374 A.2d 284, 289 (D.C. 1977).  Plaintiff has pled no facts which could possibly support that any defendant herein intentionally interfered with any of Plaintiff's commercially reasonable business expectations that resulted in actual damage to Plaintiff.  Thus, Plaintiff's claim of interference with prospective advantage should be dismissed against all Defendants.

**F.  Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted for "Outrageous Conduct"**

Plaintiff attempts to assert a cause of action for "outrageous conduct."  Compl. ¶¶ 65-68.  Plaintiff pleads no elements for his novel tort claim and instead relies on the facts

of his Complaint, stating simply "[t]he acts and conduct hereinafter described constitute outrageous conduct under the laws of the District of Columbia." *Id.* ¶ 66.  Indeed, Defendants are unaware of any cause of action in the District of Columbia for "outrageous conduct."  Rather, outrageous conduct is one element of the tort of intentional infliction of emotional distress.  *See, e.g., Darrow v. Dillingham & Murphy, LLP*, 902 A.2d 135, 139 (D.C. 2006), *Smith v. District of Columbia,* 882 A.2d 778, 794 (D.C. 2005); *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002); *Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984).  Thus, Plaintiff has failed to state a claim upon which relief can be granted for "outrageous conduct" and this claim must be dismissed against all Defendants.

### G.  Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted for "Abuse of Process"

The tort of abuse of process lies "where the legal system 'has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'" *Brown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992), quoting *Morowitz v. Marvel,* 423 A.2d 196, 198 (D.C. 1980).  *See also Jacobson v. Thrifty Paper Boxes, Inc.,* 230 A.2d 710, 711 (D.C. 1967).  "The mere issuance of the process is not actionable, no matter what ulterior motive may have prompted it; the gist of the action lies in the improper use after issuance." *Hall v. Hollywood Credit Clothing Company*, 147 A.2d 866, 868 (D.C. 1959).  Thus, "the fact that a person acts spitefully, maliciously, or with an ulterior motive in instituting a legal proceeding is insufficient to establish abuse of process. *Scott v. District of Columbia,* 101 F.3d 748, 755 (D.C. Cir. 1996).  Rather, to state a claim, the Plaintiff must allege a "perversion of

the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." *Morowitz*, 423 A.2d at 198; *see also Moore v. United States*, 213 F.3d 705, 712 (D.C. Cir.), *cert. denied* 531 U.S. 978 (2000).

In his Complaint, Plaintiff states that "[t]he acts and conduct hereinafter described constitute abuse of process under the laws of the District of Columbia, in that Defendant police officers employed the criminal legal process for the purpose of covering-up their unreasonable use of deadly force and their use of excessive force against Plaintiff in violation of Plaintiff's rights under the Constitution of the United States." Compl. ¶ 50. This is precisely the type of argument rejected by our Circuit Court in the *Scott* case.

In *Scott,* the plaintiff, an off-duty MPD officer arrested for drunk driving, contended that "the officers committed an abuse of process by instituting criminal proceedings against him for DUI with the ulterior aim of covering up their use of excessive force." *Scott*, 101 F.3d at 755. The Circuit Court explicitly found that such an argument "fails to state a claim for abuse of process," noting that "[t]he fact that the officers expected to realize some benefit by covering up their own alleged wrongdoing simply points to an ulterior motive, not the kind of perversion of the judicial process that gives rise to a cause of action for abuse of process." *Id.* at 755, 756. Rather, "the officers instituted the criminal charge for precisely the purpose for which it was intended: establishing that Scott was guilty of a criminal offense. Scott does not contend that the filing of criminal charges was intended to pressure him unto taking any action or prevent him from taking action, or to achieve any other collateral purpose." *Id.* at 756.

Similarly, Plaintiff here contends that the purpose of the criminal legal proceedings was to cover up the officers' alleged wrongful action. As in *Scott,* Plaintiff's

theory pleads only an ulterior motive, and not a misuse of the judicial system to achieve some other purpose. Thus, the Circuit Court's opinion in *Scott* is dispositive of Plaintiff's abuse of process claim. This claim should be dismissed against all Defendants.

### H. Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted for "Gross Negligence"

"Gross negligence" also is not an appropriate legal theory in this case. The gross negligence cause of action was statutorily created and only applies against the District of Columbia when a plaintiff suffers injuries allegedly caused by a District of Columbia emergency vehicle that is engaged in an emergency run. *See* D.C. Code § 2-412. As there is no emergency run at issue in this case, Plaintiff has failed to state a claim upon which relief can be granted for "gross negligence" and this claim must be dismissed.

### IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request that their Motion be granted and that they be permitted leave of Court to file an Answer to any and all remaining claims.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

    /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General

17

441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## SEARCH WARRANT

19(CRWSLD) 2792

TO:    CHIEF OF POLICE, METROPOLITAN POLICE DEPARTMENT OR AUTHORIZED AGENTS
(Specific Law Enforcement Officer or Classification of Officer of the Metropolitan Police Department or other Authorized Agency)

Affidavit, herewith attached, having been made before me by    Detective Dan A. Lewis DII-44
that he has probable cause to believe

that on the (person) (premises) (vehicle) (object) known as    A silver in color Motorola i870 NEXTEL camera phone bearing s/n:
364YFU4N75 and phone number:202-489-4080 there is being concealed stored information regarding:

August 25, 26 2006

in the District of Columbia, there is now being concealed certain property,    To include Text messages, Text Message Content,
Voicemails, recorded phone history, subscriber information, owner information, downloads-internet activity, instant messages, plus
photographs and images, call records, internal phone book, and any other information stored in this nextel cell phone.

which is    Evidence of DC Code 22-401 Assault w/intent to kill and 22-405 Assault on a Police Officer.    and as I am satisified
(Alleged grounds for seizure)

that there is probable cause to believe that the property so described is being concealed on the above designated (person) (premises) (vehicle) (object) and that the foregoing grounds for issuance of the warrant exist.

YOU ARE HEREBY AUTHORIZED within 10 days of the date of issuance of this warrant to search in the daytime/at any time of the day or night, the designated (person) (premises) (vehicle) (object) for the property specified and if the property be found there.

YOU ARE COMMANDED TO SEIZE IT, TO WRITE AND SUBSCRIBE an inventory of the property seized, to leave a copy of this warrant and return to file, a further copy of this warrant and return with the Court on the next Court day after its execution.

Issued this 1st day of Sept , 20 06

Judge, Superior Court of the District of Columbia

## RETURN

I received the above detailed warrant ON    SEPT. 1st    , 20 06    and have executed it as follows:
On SEPT. 2ND , 20 06 , at 5:00 P M., I searched the
(person) (premises) (vehicles) (object) described in the warrant and I left a copy of the warrant and return with    properly posted.
(Name of person searched or owner, occupant, custodian or person present at place of search)

The following is an inventory of the property taken pursuant to this warrant:
(3) VIDEO CLIPS FROM cell phone photo gallery.

This inventory was made in the presence of DET. LEWIS / DET. BROWN / DET. GAFFNEY

I swear that this is a true and detailed account of all property taken by me under this warrant.    DII-44
Executing Officer

Subscribed and sworn to before me this 13 day of Sept , 20 06

Judge, Superior Court of the District of Columbia

Form CD(17)-1055 / Mar. 89
9-2794 ext-224