UNITED STATES DISTRICT OF COLUMBIA
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| DAVID ARRINGTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. C.A. No. 07-0170 (RBW) |
| v. | ) |
| | ) |
| DETECTIVE MILTON NORRIS | ) |
| 3244 Pennsylvania Avenue, S.E. | ) |
| Washington, DC 20001, | ) |
| | ) |
| and | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S AMENDED COMPLAINT

(42 USC 1983-Civil Rights Violations)
(Intentional Infliction of Emotional Distress)
(Assault and Battery)
(Conversion)
(False Imprisonment)
(Respondeat Superior)

INTRODUCTION

Plaintiff David Arrington brings this action for damages against Detective Milton Norris of the Metropolitan Police Department and the District of Columbia as the employer. Plaintiff brings this action against Detective Norris of the Metropolitan Police Department pursuant to 42 U.S.C. § 1983 for his deprivation, under color of law, of rights secured to Plaintiff under the Constitution of the United States and for assault and battery, intentional infliction of emotional

RECEIVED
JUL 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

distress, conversion and false imprisonment, and conversion. Plaintiff also brings this action against Detective Norris under District of Columbia law for assault and battery, intentional infliction of emotional distress, conversion and false imprisonment, and conversion. Finally, Plaintiff brings this action against the District of Columbia, under 42 U.S.C. § 1983, as the employer of Detective Milton Norris for its failure to provide and assure proper training and supervision of its detectives, to introduce and implement meaningful procedures to prevent lawless official conduct, to establish and implement procedures to prevent their detective from subjecting citizens to unreasonable use of deadly force, excessive use of force, assault, battery, and other abusive conduct, and for their subsequent ratification of aforesaid unlawful conduct.

## JURISDICTION

2. This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1981-1988. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and the aforementioned Constitutional and statutory provisions. Plaintiff also invokes the pendent jurisdiction of this Court to adjudicate claims under state law. 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff David Arrington is an adult citizen of the United States and a resident of the District of Columbia.

4. At all times relevant hereto, individual Defendant, Detective Milton Norris, was a detective for the District of Columbia Metropolitan Police Department. Plaintiff brings this action against Detective Norris in both his individual and official capacity.

5. The Metropolitan Police Department (hereinafter, "Department" or "MPD"), is an agent of Defendant District of Columbia and was charged with the operation of the Department and supervision of Defendant Detective Norris.

6. At all times relevant, the Department was responsible for establishing its policies and for promulgating and enforcing its regulations. The Department was also responsible for training and supervising police officers and detectives and for ensuring that its personnel obey the laws of the District of Columbia and the United States.

7. Defendant District of Columbia is a municipal corporation and was, at all times relevant to this cause of action, responsible for the operation of the Department.

8. At all times relevant to this cause of action, Defendant District of Columbia employed Defendant Detective Norris, and Defendant Detective Norris acted as its agent, servant, and employee.

9. At all times relevant hereto and in all his actions herein described, Defendant Detective Norris, as agent of Defendant District of Columbia, acted under color of law and

pursuant to his authority as a Detective employed by the Department.

## FEDERAL CAUSES OF ACTION

### COUNT I

(42 USC § 1983-CIVIL RIGHTS VIOLATIONS)

10. On or about August 25, 2006, at or around 9:00 p.m., Plaintiff, David Arrington, was leaving his girlfriend's house and was shot by Detective Milton Norris of the MPD in the alley around 2300 Prout Street, S.E. and Nicholson Street, S.E.

11. Upon information and belief, Detective Norris was chasing a male suspect pursuant to an incident to which Mr. Arrington was not involved.

12. Upon information and belief, Detective Norris, in plain clothing, ran into the alley and observed the suspect that he was chasing run in the opposite direction of where Mr. Arrington was standing.

13. Detective Norris then commanded Mr. Arrington to hold his hands up. Approximately two seconds after the detective commanded Mr. Arrington to hold his hands in the air, the detective shot Mr. Arrington.

14. When Mr. Arrington asked Detective Norris, "Why did you shoot me, you were chasing him?" the detective proceeded to handcuff Mr. Arrington.

15. Mr. Arrington remained handcuffed as he was transported to the hospital.

16. Upon reaching the hospital, the treating physician requested that the handcuffs be removed from the Plaintiff's wrists. Detective Norris refused to immediately remove the handcuffs.

17. Upon information and belief, another officer entered Mr. Arrington's room and stated, "Get those handcuffs off him; he is no suspect." Subsequently, the handcuffs were removed with a bolt cutter.

18. On August 25, 2006, Mr. Arrington's property, which included his cell phone, his shoes, his watch, approximately five dollars cash, and keys to his grandmother's vehicle, was "seized for evidence" by the Metropolitan Police Department and has not been released.

19. Numerous phone calls were made to the Metropolitan Police Department concerning Mr. Arrington's property, however all telephone calls were ignored, and Mr. Arrington's property was never returned.

20. On or about September 1, 2006, a Detective Lewis contacted undersigned counsel and stated that Mr. Arrington's belongings would be returned by the District of Columbia if and only if he provided a recorded statement.

21. Detective Lewis was informed that Mr. Arrington had previously given a recorded statement while being hospitalized and would not give another recorded statement. Because Mr. Arrington refused to give a second recorded statement, Detective

Lewis, acting as an agent of the District of Columbia, has refused to return Mr. Arrington's property.

22. At no time was Plaintiff a suspect in or accomplice to any crime.

23. At no time did Plaintiff assault a Police Officer.

24. As a direct and proximate cause of the actions of these Defendant Detective Norris, Plaintiff continues to suffer injury.

25. As a direct and proximate cause of Defendant's actions, a bullet is still lodged in Plaintiff's body, and surgeons cannot remove it.

26. The shooting of Plaintiff and Plaintiff's wrongful arrest were without a legitimate cause or justification, were intentional, malicious, reckless, and in bad faith.

27. As a direct and proximate cause of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the District of Columbia.

28. As a direct and proximate cause of Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all which may be permanent.

29. Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to adequately train or otherwise direct its agents and/or employees concerning the fundamental rights of citizens. Defendant

District of Columbia's policy, practice, or custom of deliberate indifference to discipline and training caused Defendant Detective Norris in this case to engage in the unlawful conduct described above.

30. Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to properly supervise, sanction, or discipline its agents and/or employees, including Defendant Detective Norris in this case, for violations of the constitutional rights of its citizens. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to properly supervise, sanction, or discipline of its agents and/or employees caused Defendant Detective Norris to engage in the actions described above.

31. Defendant District of Columbia, as a matter of policy, practice, and custom, with deliberate indifference failed to supervise, sanction, or discipline police officers. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to supervise, sanction, or discipline police officers who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers caused and encouraged Defendant police officers in this case, to engage in the unlawful actions described.

32. Defendant District of Columbia acquiesced to the unconstitutional conduct of its agents and/or employees by its deliberate indifference to inadequate procedures for handling

complaints against its agents and/or employees, including inadequate internal affairs and citizen complaint procedures. Defendant District of Columbia's acquiescence, by deliberate indifference to inadequate complaint procedures, caused and encouraged its agents and/or employees, including Defendant Detective Norris in this case, to engage in the unlawful actions described.

33. The actions and omissions of Defendant Detective Norris, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured to him under the Constitution and laws of the United States, including but not limited to the right to be secure in his person and property (be free from excessive use force or unreasonable use of deadly force), right to be free from assault and battery, malicious prosecution, trespass, conversion, and the right to due process of law.

34. Defendant Detective Norris, by his actions described above, deprived Plaintiff of the rights secured to him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

    a. Compensatory damages in the amount of $20,000,000.00;

    b. Attorneys fees and costs; and

    c. Such other and further relief as this Court may deem

appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant Detective Milton Norris of the MPD:

    a.    Compensatory damages in the amount of $20,000,000.00;

    b.    Punitive Damages in the amount of $10,000,000.00;

    c.    Attorney's fees and costs; and

    d.    Such other and further relief as this Court may deem appropriate.

### STATE LAW CAUSES OF ACTION

### COUNT II

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

35. Plaintiff hereby re-alleges paragraphs 1 through 34 of this complaint, as though fully set forth herein.

36. The acts and conduct hereinbefore described constitute intentional infliction of emotional distress under the laws of the District of Columbia.

37. These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

38. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a. Compensatory damages in the amount of $20,000,000.00;

b. Attorneys fees and costs; and

c. Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant Detective Milton Norris of the MPD:

a. Compensatory damages in the amount of $20,000,000.00;

b. Punitive Damages in the amount of $10,000,000.00;

c. Attorney's fees and costs; and

d. Such other and further relief as this Court may deem appropriate.

## COUNT III

(ASSAULT AND BATTERY)

39. Plaintiff hereby re-alleges paragraphs 1 through 38 of this complaint, as though fully set forth here.

40. The acts and conduct hereinafter described constitute assault and battery under the laws of the District of Columbia.

41. These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the

Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

42. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

 a. Compensatory damages in the amount of $20,000,000.00;

 b. Attorneys fees and costs; and

 c. Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant Detective Milton Norris of the MPD:

 a. Compensatory damages in the amount of $20,000,000.00;

 b. Punitive Damages in the amount of $10,000,000.00;

 c. Attorney's fees and costs; and

 d. Such other and further relief as this Court may deem appropriate.

## COUNT VI

(CONVERSION)

43. The above paragraphs 1 through 42 are adopted and incorporated by reference, as if fully set forth herein.

44. The acts and conduct hereinbefore described constituted conversion under the laws of the District of Columbia in that no warrant was issued for the seizure of all the items the items taken from Plaintiff's person and, in retaining possession of these items, the District of Columbia has unlawfully exercised ownership, dominion and control over the property in direct repudiation of Plaintiff's rights therein.

45. These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

46. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

  a.  Compensatory damages in the amount of $20,000,000.00;
  b.  Attorneys fees and costs; and
  c.  Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant Detective Milton Norris of the MPD:

    a.    Compensatory damages in the amount of $20,000,000.00;

    b.    Punitive Damages in the amount of $10,000,000.00;

    c.    Attorney's fees and costs; and

    d.    Such other and further relief as this Court may deem appropriate.

### COUNT V
### (FALSE IMPRISONMENT)

47.    The above paragraphs 1 through 46 are adopted and incorporated by reference, as if fully set forth herein.

48.    The acts and conduct hereinbefore described constituted false imprisonment under the laws of the District of Columbia.

49.    These acts and omissions engaged in under the color of state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

50.    Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

a. Compensatory damages in the amount of $20,000,000.00;

b. Attorneys fees and costs; and

c. Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant Detective Milton Norris of the MPD:

a. Compensatory damages in the amount of $20,000,000.00;

b. Punitive Damages in the amount of $10,000,000.00;

c. Attorney's fees and costs; and

d. Such other and further relief as this Court may deem appropriate.

## COUNT VI

### (RESPONDEAT SUPERIOR)

51. The above paragraphs 1 through 50 are adopted and incorporated by reference, as if fully set forth herein.

52. The acts and conduct hereinbefore described are attributable to the District of Columbia as the employer of Defendant Norris under the theory of Respondeat Superior in that Defendant Norris was acting within the scope of his employment as a detective for the District of Columbia Metropolitan Police Department and committed the complained-of conduct in furtherance of his employer's interests.

53. These acts and omissions engaged in under the color of

state authority and law by Defendant police officers, who were agents of Defendant District of Columbia without immunity, deprived Plaintiff of rights secured to him under the Constitution and laws of the United States and the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unreasonable use of deadly force.

54. Defendant District of Columbia is sued as a person responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant District of Columbia:

    a.    Compensatory damages in the amount of $20,000,000.00;

    b.    Attorneys fees and costs; and

    c.    Such other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff, David Arrington, demands judgment against Defendant Detective Milton Norris of the MPD:

    a.    Compensatory damages in the amount of $20,000,000.00;

    b.    Punitive Damages in the amount of $10,000,000.00;

    c.    Attorney's fees and costs; and

    d.    Such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

ODELUGO & JOHNSON, LLC

*/s/ Anitha Johnson*
Anitha Johnson, #495672
6475 New Hampshire Avenue
Suite 300
Hyattsville, Maryland 20783
301-891-1100

JURY DEMAND

Plaintiff hereby requests a trial by a jury on all issues of fact presented herein.

*/s/ Anitha Johnson*
Anitha Johnson