UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0170 (RBW) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DISTRICT OF COLUMBIA'S MOTION TO QUASH SUBPOENAS SERVED ON THE METROPOLITAN POLICE DEPARTMENT**

The District of Columbia, by and through its undersigned counsel, respectfully requests that the Court quash the three subpoenas served by counsel for Plaintiff on the Metropolitan Police Department (hereinafter "MPD Subpoenas"). As explained more fully in the accompanying Memorandum of Points and Authorities, the MPD Subpoenas inappropriately seek to circumvent the discovery rules set forth in the Federal and Local Rules of Civil Procedure by seeking information in the possession, custody or control of an agency of a defendant to this action. Moreover, the subpoenas seek privileged information that is not subject to discovery.

Pursuant to LCvR 7(m), undersigned counsel contacted counsel for Plaintiff to ascertain Plaintiff's position on the relief requested herein. Counsel for Plaintiff has declined to consent to the relief requested herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE

Deputy Attorney General
Civil Litigation Division


__/s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II


___/s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0170 (RBW) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO QUASH SUBPOENAS SERVED ON THE METROPOLITAN POLICE DEPARTMENT**

Defendant District of Columbia (the "District") respectfully requests that the Court quash the three subpoenas served by counsel for Plaintiff on the District of Columbia Metropolitan Police Department ("MPD Subpoenas"). As explained below, these subpoenas are inappropriate as they seek to circumvent the rules of discovery set forth in the Federal and Local Rules of Civil Procedure, and as they seek information protected by privilege.

**I.   BACKGROUND**

Plaintiff filed this action on January 24, 2007 against former Chief of Police Charles Ramsey, the District of Columbia, Detective Dan Lewis, and unknown members of the MPD, claiming violations of constitutional rights, negligence, assault and battery, intentional infliction of emotional distress, abuse of process, trespass to chattel, conversion, interference with prospective advantage, outrageous conduct, and gross negligence. Plaintiff claims that he was shot by a MPD officer who was attempting to apprehend another individual that the officer had probable cause to believe had just

committed assault with intent to kill. On March 15, 2007, Defendants filed a Motion to Dismiss Chief Ramsey and Detective Lewis, as well as Plaintiff's claims of violation of the Fourteenth Amendment, trespass to chattel, conversion, interference with prospective advantage, outrageous conduct, abuse of process and gross negligence. Plaintiff filed a response indicating that he would not be challenging the substance of Defendants' dispositive Motion.

On June 27, 2007, Plaintiff served a subpoena on the Office of the General Counsel for MPD directed to both the General Counsel and to MPD's Internal Affairs Division. In the subpoena, Plaintiff requested various documents pertaining to his shooting, as well as documents that pertain to the underlying assault with intent to kill ("AWIK") investigation.[1] Ex. 1 (June 27 Subpoena). The Subpoena also seeks personnel information regarding any MPD officer involved in the incident. *Id.* Despite the fact that this litigation was ongoing, a copy of the Subpoena was never served on undersigned counsel for the District of Columbia.

On July 17, 2007, Plaintiff filed an amended complaint naming Detective Milton Norris as the individual who allegedly shot Plaintiff, as well as the District of Columbia as defendants. Detective Norris has not yet been served with the complaint, and the District's answer is not due until July 31, 2007.

On July 19, 2007, Plaintiff served two additional subpoenas on MPD. These subpoenas request that MPD produce Detective Norris's personnel files, any complaints filed against Detective Norris, and any excessive force reports and disciplinary reports involving Detective Norris. *See* Ex. 2 (July 19 Subpoenas). Again, despite this ongoing litigation and undersigned counsel's request to Plaintiff's counsel – made after the last

---

[1] MPD's investigation of the underlying AWIK matter is ongoing.

subpoena was served – to not contact undersigned's client directly, Plaintiff did not serve a copy of this subpoena on undersigned counsel and simply requested information from a party represented in litigation.

## II.    STANDARD OF REVIEW

The burden to establish that a subpoena is unreasonable is on the person who seeks to have it quashed.  *Flanagan v. Wyndham Intern Inc*., 231 F.R.D. 98, 101 (D.D.C. 2005); *Northorp Corp. v. McDonnell Douglas Corp*., 751 F.2d 395, 403 (D.C. Cir. 1984).  The Court has the authority to quash a subpoena that "(i) fails to allow reasonable time for compliance ;…(iii) requires disclosure of privileged or other protected matter…or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).  Further, the court may limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2).

Here, the Plaintiff is actively subverting the normal channels of discovery by serving non-party subpoenas on a party to active litigation before an Answer has been served or a LCvR 16.3 conference has been conducted.  As explained herein, compliance with Local and Federal Rules 16 is a prerequisite to discovery as it requires the parties to collaborate on a proposed plan for the discovery process which is then submitted for approval by the Court.  Moreover, if the Plaintiff's lack of compliance is condoned, an undue burden is certainly placed on the District to produce duplicative information under Rule 45 and then again under the discovery rules applicable to parties.  Finally, much of the information Plaintiff seeks is privileged and should not be disclosed.

### III. ARGUMENT

### A. Federal Rule of Civil Procedure 45 Does Not Apply to Parties

Courts have ruled that a Rule 45 subpoena is never proper against a party for any reason. *E.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996); *Alper v. United States,* 190 F.R.D. 281, 283 (D. Mass. 2000). Other courts have determined that Rule 45 does not wholly preclude its use against a party. Such uses are very limited, however, such as obtaining original documents for use at trial where the subpoenaed party has already produced a copy of the document. *See, e.g., Mortgage Info. Servs. Inc. v. Kitchens*, 210 F.R.D. 562, 565 (W.D.N.C. 2002); *Rice v. United States,* 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995). Plaintiff's subpoenas are defective because their purposes are facially inconsistent with the limited uses of a Rule 45 subpoena on a party.

In *Hasbro*, the defendant "served a deposition subpoena on the plaintiff pursuant to Fed. R. Civ. P. Rule 45 instead of seeking the production of documents pursuant to Fed. R. Civ. P. 34." *Hasbro*, 168 F.R.D. at 100. The court denied the defendant's motion to compel production of documents through the subpoena, holding that:

> [w]hile the language of Rule 45, since amended, may still not be crystal clear, it is apparent to this Court that *discovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45…. [I]t is evident to this Court that Rule 45, to the extent it concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves.

*Id.* (emphasis in original); *see also Contardo v. Merrill Lynch*, 119 F.R.D. 622, 624 (D. Mass. 1988) ("Discovery of documents from a party is *not* accomplished pursuant to rule 45(b)…discovery of documents from parties is governed by Rule 34").

4

The situation at hand is similar to those described above. Plaintiff has now served three subpoenas on the Metropolitan Police Department. Exs. 1&2. The Metropolitan Police Department is a D.C. government agency. Thus, the plaintiff has served subpoenas—solely for production of documents—on a party in this action. Subpoenas are not an appropriate method of obtaining documents from a party. *Hasbro*, 168 F.R.D. at 100; *Contardo*, 119 F.R.D. at 624. Moreover, the use of a subpoena on a party during the pleading phase of litigation is particularly inappropriate. Thus, the District requests that the Court quash the subpoenas as improper.

### B. Plaintiff Should Not Be Permitted to Circumvent Discovery Rules

Among other things, Fed. R. Civ. P. 16 governs the scheduling and management of pretrial conferences and meetings. The purpose of Rule 16 is to "insure early judicial intervention in the process of trial preparation and *proper conduct* of the entire process." *Landmark Legal Foundation v E.P.A*, 272 F. Supp. 2d 70, 88, (D.D.C. 2003), citing *Matter of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (emphasis added). Accordingly, Fed. R. Civ. P. 16 is designed to maximize the court system's efficiency through insisting that attorneys and parties cooperate with the court and with each other, and abandon practices which "unreasonably interfere with the expeditious management of cases." *Newton v. A.C. & S., Inc,* 918 F.2d 1121, 1126 (3rd Cir. 1990). Rule 16 was created as a response "to a widespread feeling that [it] is necessary to encourage pretrial management that meets the needs of modern litigation." *Newton,* 918 F. 2d at 1126 (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

In the current situation, the Plaintiff has ignored the requirements of Federal Rule 26 regarding discovery, and requested discovery by three Rule 45 subpoenas. This is

5

premature as the District has not yet filed its Answer and the parties have not yet conducted a LCvR 16.3 conference. Under LCvR 16.1(a), parties must arrange a conference to plan discovery in accordance with Federal Rule 26(f) prior to the Court's scheduling conference. Local Rule 16.3 (a) requires counsel to confer and "develop a discovery plan which indicates the parties' views and proposals." Additionally, LCvR 16.3(8)(a) requires the parties to discuss the anticipated extent of discovery, how long discovery should take, any limits, and a date for completion. It is clear that discussions on these issues must take place before the parties engage in discovery for LCvR 16.3 to have any meaning.

In this case, the Plaintiff ignores the LCvR 16 requirements. Plaintiff's actions are hasty and disregard both the letter and spirit of Rule 16 by using the non-party subpoena process to circumvent the requirements of Rule 34 and the Court's scheduling order which would establish a deadline for discovery in accordance with the proper practice. Plaintiff's actions, in effect, render LCvR 16.3 futile. Thus, the court should quash the subpoena and require the Plaintiff to comply with the Local and Federal rules of civil procedure.

**C.  The Subpoenas Should Be Quashed as They Seek Privileged Information**

In addition to their procedural impropriety, the subpoenas here should be quashed as they seek information protected by privilege. The Court is authorized to quash a subpoena that "requires disclosure of privileged or other protected matter, and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Here, Plaintiff seeks "all personnel records" of Detective Norris, "all complaints filed involving him," "any and all excessive force reports," and "all disciplinary reports" involving him. *See* Ex. 2. The

6

District is not authorized to disclose Detective Norris's personnel file by subpoena, because District of Columbia statutes require that personnel file information be kept confidential. *See* D.C. Code § 1-631.01 (Supp. 2005) (emphasis added) ("All official personnel records of the District government shall be established, maintained and disposed of in a manner *designed to ensure the greatest degree of applicant or employee privacy* while providing adequate, necessary and complete information for the District to carry out its responsibilities . . . ."). Under this statutory section and the implementing regulations, the disclosure of such personnel information is essentially limited to appropriate personnel and law enforcement agencies, "except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited under law or rules and regulations issued pursuant thereto." D.C. Code § 1-631.03 (Supp. 2005); 6 DCMR § 3100 *et seq*. Thus, Plaintiff's subpoenas should be quashed as seeking privileged information.[2]

In addition to seeking confidential personnel information, the subpoenas also seek information protected from disclosure by the District pursuant to D.C. Official Code §§ 2-534(3)(A), § 2-534(a)(3)(B), and § 2-534(3)(C). Plaintiff seeks information relating to the investigation of the assault with intent to kill incident in which Detective Norris was involved when Plaintiff was shot, insofar as it seeks "[a] complete and legible copy of all information relating to the suspect that the Metropolitan Police Officer was seeking (i.e. 'lookout' description, measurements, armed and/or dangerous status, type of weapons carried, glasses, tattoos, etc.);" "[a]ny and all information regarding the administration of a police line-up in connection with this case;" and "[a] complete and legible copy of all

---

[2] The District would be willing to discuss, during the course of a LCvR 16.3 meet-and-confer, the possibility of producing such information pursuant to Fed. R. Civ. P. 34 with an appropriate protective order.

7

radio runs related to this incident . . . includ[ing] a transcript and audio tape covering the time period from the beginning of the 'lookout' phase through the end of the final radio run related to the incident." *See* Ex. 1 (June 27 Subpoena).

District of Columbia Code Section 2-534(3)(A) exempts from disclosure investigatory records compiled for law enforcement purposes to the extent that production of the records would interfere with enforcement proceedings. Release of information related to pending investigations would thwart the investigation process, and violate the government's law enforcement privilege.

Under the "law enforcement privilege" ongoing investigations must be protected from premature disclosure, disruption and compromise. *See Black v. Sheraton Corp. of America*, 564 F.2d 531, 541-547 (1977); *Tuite v. Henry*, 98 F.3d 1411 (D.C. Cir. 1996). Moreover, disclosure of the requested information may reveal the names of confidential sources whose identities must be protected.

Plaintiff's request for pending investigations also implicates the protection by § 2-534(a)(3)(B). Section 2-534(a)(3)(B) exempts from disclosure investigatory records compiled for law enforcement purposes to the extent that production of the records would deprive a person of a right to a fair trial or an impartial adjudication. To the extent any pending investigations have already been referred to the U.S. Attorney's Office or may be subject to referral to that office, that information is protected as it would impede a fair trial and/or impartial adjudication.

D.C. Official Code § 2-534(3)(C) exempts from disclosure investigatory records compiled for law enforcement purposes whose disclosure would constitute an unwarranted invasion of personal privacy. In considering the applicability of this

8

exemption, a court must balance the harm to the individual whose privacy would be breached against the public interest that may be served by disclosure. *See Butler v. Department of the Treasury, Commissioner of the IRS*, 1997 U.S. Dist. LEXIS 802 (D.D.C. 1997), *citing United States Dep't of Justice v. Reporters Comm.*, 489 U.S. 749, 762 (1989).

In *Butler*, an inmate submitted a FOIA request to the Justice Department seeking information related to investigations conducted by the IRS and other law enforcement agencies. The *Butler* Court precluded disclosure of the requested information and stated,

> The public interest in this case is not compelling. The public interest is in shedding light on the agency's performance of its duties, not the individual's interest in obtaining particular information. *Reporters Comm.*, 489 U.S. at 772-75 (1989). Here, it appears that Plaintiff intends to use the information sought for personal purposes or private litigation. Private litigation does not necessarily amount to public interest. *Kirk v. United States Dep't of Justice*, 704 F. Supp. 288, 291 (D.D.C. 1989).

*Id.* at 8-9. According to the *Butler* Court, "[l]aw enforcement personnel and third parties mentioned in law enforcement reports have a strong privacy interest because of the potential for harassment." *Id.* at 8. Similarly, Plaintiff here seeks information relating to an ongoing criminal investigation purportedly for use in his civil suit for damages. The public interest is far more served by permitting law enforcement to conduct their investigation of a violent felony than allowing such an investigation to potentially be jeopardized by Plaintiff's civil suit.

Finally, the information requested likely contains the names of third parties to this matter. These individuals would have privacy interests that should not be disclosed pursuant to these subpoenas. Plaintiff cannot demonstrate a compelling public interest in

this case, nor can he show his entitlement to disclosure of the requested information pursuant to his subpoena. Accordingly, this Court should quash the subject subpoena.

Wherefore, the District of Columbia respectfully requests that the Court quash the subpoenas issued by the Plaintiff.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


       /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


       /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| DAVID ARRINGTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-0170(RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |

### DOCUMENTS REQUESTED

ATTN:

Metropolitan Police Department
Internal Affairs Division
51 N Street, NE
4th Floor
Washington, D.C. 20002

Metropolitan Police Department
General Counsel's Office
300 Indiana Avenue, NW
Room 4115
Washington, DC 20001

IN RE:   **Incident**: Shooting and wounding of Plaintiff, David Arrington, by an unidentified police officer in the employ of the Metropolitan Police Department
**Date of Incident**: On or about August 25, 2006 at 9:00 p.m.
**Location**: In or around the intersection of 2300 Prout Street, SE, and Nicholson Street, SE
**Your agents**: Detective Dan A. Lewis (DII-44) is currently the only employee of the Metropolitan Police Department whose identity is known

Please produce the following documents or tangible evidence:

1. A complete and legible copy of all documents, records and Use of Force Reports relating to the above-referenced incident.

Ex. 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

RECEIVED
JUN 27 2007
OFFICE OF THE GENERAL COUNSEL

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David Arrington

V.

District of Columbia, et al.

SUBPOENA IN A CIVIL CASE

Case Number: 07-0170 (RBW)

TO: Metropolitan Police Department
Office of Internal Affairs (cc: General Counsel's Office)
51 N Street, NE, 4th Floor
Washington, D.C. 20002

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please refer to the attached list, "Documents Requested".

| PLACE ODELUGO & JOHNSON, L.L.C., 6475 New Hampshire Ave., Ste. 300, Hyattsville, Maryland 20783 | DATE AND TIME 7/25/2007 12:30 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE 6/26/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anitha Johnson, Esq., Attorney for the Plaintiff, Odelugo & Johnson, L.L.C., 6475 New Hampshire Avenue, Suite 300, Hyattsville, Maryland 20783, (301) 891-1100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

2. A copy of the Department's Manual regarding Use of Force and, if no such manual exists, a copy of any and all documentation that the Department issues to its employees and agents in connection with the Department's policy on Use of Force.

3. The name, address, and badge number of the Officer(s) involved in the above-referenced incident with David Arrington.

4. A complete and legible copy of all records and documents regarding whether the Officer involved in the incident with David Arrington has ever been flagged in the system for excessive force or other complaints.

5. A complete and legible copy of the employment file of the officer involved in the incident with David Arrington. Please provide in your response all arrest records, performance reports, evaluations and any other document, record, report or file related to this officer's career, from his first day as an academy recruit through the date of your response to this subpoena.

6. A complete and visually-discernible copy of photographs of David Arrington, of his wounds, and of the scene of the incident.

7. A complete and legible copy of the PD 251.

8. A complete and legible copy of the Ambulance Report.

9. A complete and legible copy of the transcript of the 911 call.

10. A complete and legible copy of all information relating to the suspect that the Metropolitan Police Officer was seeking (i.e. "lookout" description, measurements, armed and/or dangerous status, type of weapons carried, glasses, tattoos, etc...).

11. Any and all information regarding the administration of a police line-up in connection with this case.

12. A complete and legible copy of all radio runs related to this incident. Please include a transcript and audio tape covering the time period from the beginning of the "lookout" phase through the end of the final radio run related to the incident.

Respectfully submitted,

ODELUGO & JOHNSON, L.L.C.

*/s/ Anitha Johnson*
Anitha Johnson, #495672
6475 New Hampshire Avenue
Suite 300
Hyattsville, Maryland 20783
301-891-1100
Attorney for Plaintiff

AO88 (Rev. 12/06) Subpoena in a Civil Case

RECEIVED
JUL 19 2007
OFFICE OF THE GENERAL COUNSEL

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David Arrington

V.

District of Columbia, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-0170 (RBW)

TO: Metropolitan Police Department
Office of Human Resources (cc: General Counsel's Office)
300 Indiana Avenue, NW, Room 6046
Washington, D.C. 20001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
With regard to Detective MILTON NORRIS, from his first day of duty as a police officer and/or detective, to present: (1) all personnel file(s); (2) any and all complaints filed involving him, and the related files, reports and documentation; (3) any and all excessive force reports involving him; and (4) any and all disciplinary reports involving him.

| PLACE  ODELUGO & JOHNSON, L.L.C., 6475 New Hampshire Avenue, Ste. 300, Hyattsville, Maryland 20783 | DATE AND TIME  7/25/2007 12:30 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Anitha Johnson   ATTY for Plaintiff | 7/17/07 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Anitha Johnson 6475 New Hampshire Ave, #300 Hyattsville, MD 20783 | 301-891-1100 |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Ex. 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

David Arrington

v.

District of Columbia, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-0170 (RBW)

TO: Metropolitan Police Department
Office of Internal Affairs (cc: General Counsel's Office)
51 N Street, NE, 4th Floor
Washington, D.C. 20002

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
With regard to Detective MILTON NORRIS, from his first day of duty as a police officer and/or detective, to present: (1) all personnel file(s); (2) any and all complaints filed involving him, and the related files, reports and documentation; (3) any and all excessive force reports involving him; and (4) any and all disciplinary reports involving him.

| PLACE  ODELUGO & JOHNSON, L.L.C., 6475 New Hampshire Avenue, Ste. 300, Hyattsville, Maryland 20783 | DATE AND TIME  7/25/2007 12:30 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE 7/17/07

*Anitha Johnson*

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anitha Johnson
4475 New Hampshire Ave, #300
Hyattsville, MD 20783                                        301-891-1100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

OFFICE OF THE GENERAL COUNSEL
JUL 19 2007
RECEIVED

[1] If action is pending in district other than district of issuance, state district under case number.