UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0170 (RBW) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## THE PARTIES' RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned counsel submit the following report:

**A.    STATEMENT OF CLAIMS:**

This case arises out of the alleged shooting of the Plaintiff by Defendant MPD Detective Milton Norris. Plaintiff brings claims of violation of civil rights pursuant to 42 U.S.C. § 1983, as well as common law claims of intentional infliction of emotional distress, assault and battery, conversion, and false imprisonment against the District of Columbia and Detective Norris.

**B.    STATEMENT OF DEFENSES:**

Defendants claim that Plaintiff has failed to state a claim upon which relief can be granted, that the District of Columbia and its agents acted with the requisite degree of care and in compliance with all applicable legal standards, and that any harm Plaintiff suffered is the result of Plaintiff's own intentional or reckless conduct and/or illegal behavior.

**C.    AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

   1.   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendants believe that the case is likely to be disposed of by a Motion for Summary Judgment, which they will file after the close of all discovery. Plaintiff does not believe this matter is likely to be disposed of on a dispositive motion.

2.  The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any other parties should be joined and/or the pleadings amended within 30 days after Defendants provide Plaintiff with their written discovery responses.

3.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes. However, the parties agree that a magistrate judge should be assigned to conduct mediation in this case.

4.  Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

5.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that although settlement does not appear to be a realistic possibility at this time, they may benefit from mediation with a magistrate judge at a later date. Mediation, if the case is not resolved by a dispositive motion, should be set for 30 days after the Court rules upon any dispositive motion.

6.  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendants agree that the case can be resolved by summary judgment. Plaintiff does not believe that this case will be resolved by summary judgment. The deadlines for such motion should be as follows:

    a.    Dispositive Motion:    30 days after the close of expert discovery

    b.    Oppositions:    18 days after filing of dispositive motion

    c.    Replies:    11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree to the following discovery plan:

    a.    Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

    b.    The number of interrogatories be limited to 25 per side.

    c.    The number of depositions to be limited to 5 per side.

    d.    The duration of each deposition to be limited pursuant to LCvR 26.2(c).

Depending on the nature of Plaintiff's discovery requests, Defendants will likely request that a protective order be entered. At the appropriate time, Defendants will propose a protective order to Plaintiff and seek Plaintiff's consent prior to filing a motion for a protective order with the Court. Plaintiff has already requested discovery from Defendants and do not believe that any of his requests are subject to a protective order.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

    a. Plaintiff's Expert Report: 30 days after the close of fact discovery

    b. Defendants' Expert Report: 60 days after the close of fact discovery

    c. Close of Expert Discovery: 90 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, Defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60 days after that conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

    None.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| | |
| | LINDA SINGER |
|  /s/  Anitha Johnson by SF_____ | Attorney General, District of Columbia |
| Anitha Johnson (495672) | |
| ODELUGO & JOHNSON, LLC | GEORGE C. VALENTINE |
| 6525 Belcrest Road | Deputy Attorney General |
| Suite 612 | Civil Litigation Division |
| Hyattsville, MD 20782 | |
| (301) 832-3020 | |
| anitha.johnson@odelugo.com |   /s/  Nicole Lynch_____ |
| | NICOLE L. LYNCH (471953) |
| Counsel for Plaintiff | Chief, Section II |
| | |
| |   /s/  Shana L. Frost_____ |
| | SHANA L. FROST (458021) |
| | Assistant Attorney General |
| | 441 4th Street, NW, 6th Floor South |
| | Washington, DC 20001 |
| | (202) 724-6534 |
| | Fax:  (202) 727-3625 |
| | shana.frost@dc.gov |
| | |
| | Counsel for Defendants |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID ARRINGTON,** ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0170 (RBW) |
| ) | |
| v. ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of The Parties' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2008, hereby ordered that:

1. The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

3. The number of interrogatories is to be limited to 25 per side.

4. The number of depositions is to be limited to 5 per side.

5. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6. Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

7. Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

8. All discovery on the parties' experts shall close 90 days after the close of fact discovery

9. All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

12. A pretrial conference shall be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

_____        _____
Date                                   Hon. Reggie B. Walton
                                       United States District Judge
                                       for the District of Columbia

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0170 (RBW) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of The Parties' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2008, hereby ordered that:

1. The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

3. The number of interrogatories is to be limited to 25 per side.

4. The number of depositions is to be limited to 5 per side.

5. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6. Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

7. Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

8. All discovery on the parties' experts shall close 90 days after the close of fact discovery

9. All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

12. A pretrial conference shall be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

_____  _____
Date                                                  Hon. Reggie B. Walton
                                                      United States District Judge
                                                      for the District of Columbia